# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LILLIAN C. McGILL | : | |
| 2869 Dover Road | | |
| Columbus, Ohio 43209 | : | |
| Plaintiff, | : | CASE NO. 2:21-cv-543 |
| v. | : | JUDGE |
| ALENE CANDLES MIDWEST, LLC | : | MAGISTRATE JUDGE |
| c/o Douglas L. Meyer | | |
| One Prestige Place, Ste. 610 | | |
| Miamisburg, Ohio 45342 | : | |
| | : | |
| Defendant. | | |

## COMPLAINT
### (With Jury Demand)

NOW COMES Plaintiff Lillian C. McGill and proffers this Complaint for damages against Defendant Alene Candles Midwest, LLC.

## THE PARTIES

1. Plaintiff is a natural person residing in Franklin County, Ohio.

2. Defendant is an Ohio limited liability company with facilities in Franklin County, Ohio.

## JURISDICTION AND VENUE

3. Count I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Count II is brought under the same core of operative fact, and therefore subject to supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue is proper pursuant to 28 U.S.C. § 1391, due to the fact that the Defendant has facilities in Franklin County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff has been employed by Defendant from May 5, 2017 to the present.

6. Plaintiff is an African-American female.

7. Plaintiff was serving as a Sample Lab Technician in 2018 and 2019.

8. In March of 2018, Plaintiff applied for a better position in the Sample Lab. She was denied the position, which was given instead to a White male less qualified than Plaintiff. The position would have paid better and had better hours than the position plaintiff was in at the time.

9. Plaintiff complained to Human Resources about Defendant's failure to promote her in March of 2018, to no avail.

10. In March of 2019, Plaintiff applied for a position as ICP-MS Analytical Technician. She was again denied the better position in favor of a White male with lesser seniority and qualifications. The position would have paid better and had better hours than the position plaintiff was in at the time.

11. Plaintiff complained to Human Resources about Defendant's failure to promote her in March of 2019, also to no avail.

12. Plaintiff filed a Charge of Discrimination with the Ohio Civil Rights Commission and Equal Employment Opportunity Commission ("EEOC") on July 31, 2019 alleging race discrimination.

13. The EEOC issued a Notice of Suit Rights to Plaintiff on November 20, 2020.

## COUNT I
## RACE DISCRIMINATION
## 42 U.S.C. §2000e et seq.

14. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶ 1-13 above as if fully rewritten here.

15. Plaintiff is an "employee" as defined by 42 U.S.C. §2000e(d).

16. Defendant is an "employer" as defined by 42 U.S.C. §2000e(b).

17. In its actions described in ¶¶ 8-11 above, Defendant has discriminated against Plaintiff on the basis of her race, African-American, in violation of 42 U.S.C. §2000e-2(a)(1).

18. Defendant's violations of 42 U.S.C. §2000e-2(a)(1) entitle Plaintiff, pursuant to 42 U.S.C. §2000e-5 and 42 U.S.C. §1981a, to monetary damages which include lost pay and benefits, compensatory damages, and attorney fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $150,000.00.

## COUNT II
## RACE DISCRIMINATION
## O.R.C. § 4112.01 et seq.

19. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶ 1-18 above as if fully rewritten here.

20. Plaintiff was an "employee" as that is defined by O.R.C. § 4112.01.

21. Defendant was Plaintiff's "employer" as that is defined by O.R.C. § 4112.01.

22. In its actions described in ¶¶ 8-11 above, Defendant has discriminated against Plaintiff on the basis of her race, African-American, in violation of Chapter 4112 of Ohio law

23. Defendant's violations of Chapter 4112 entitle Plaintiff, pursuant to O.R.C. § 4112.99, to monetary damages which include lost pay and benefits, compensatory damages, and attorney

fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $150,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages which include lost pay and benefits, compensatory damages, and attorney fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $150,000.00; and,

for Count II, monetary damages which include lost pay and benefits, compensatory damages, and attorney fees and costs of bringing this litigation, in an amount to be determined at trial, but in any event not less than $150,000.00.

## **JURY DEMAND**

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

s/ Gary A. Reeve
Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Law Offices of Gary A. Reeve
5354 Cemetery Road
Hilliard, Ohio 43026
(614) 808-1881